MURRAY ET AL., RESPONDENTS, v. SWANSON, ET AL., APPELLANTS.

[Submitted October 6, 1896.  Decided October 19, 1896.]

MECHANIC'S LIEN—*Mortgage—Precedence between.*—Under section 1374, fifth division compiled statutes, providing that liens for work or labor done or materials furnished shall be·prior to, and have precedence over, any mortgage, incumbrance or other lien made subsequent to the commencement of work on any contract for the erection of such building, structure or other improvement, a lien for plastering takes precedence to a mortgage given after the commencement of work on various contracts for the erection of the building, although the plastering was not done until after the date of the mortgage. (*Mason* v. *Germaine*, 1 Mont. 263 ; *Merrigan* v. *English*, 9 Mont. 113, cited.)

SAME—*Attorney's fee—Costs in supreme court.*—The act of March 14, 1889, (16th session) allowing the plaintiff in an action for the foreclosure of a mechanic's lien reasonable attorney's fee as costs, has application only to the court in which the action is instituted and does not authorize the allowance of an attorney's fee as part of the costs in the supreme court.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION to foreclose a mechanic's lien.	Judgment was rendered for the plaintiff below by SPEER, J.	Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action by Murray Bros., co-partners, to foreclose a mechanic's lien on certain property formerly owned by the defendant Swanson, and to have the claims or liens of the other defendants declared inferior to the lien of plaintiffs. The defendants defaulted, except S. H. Stuart, the appellant, who held the mortgage on the premises covered by the liens. The complaint alleged the performance of the work for which the plaintiff's claimed a lien, alleged its reasonable value, and prayed for a reasonable attorney's fee.   It is admitted by the pleadings that plaintiffs' lien was filed for plastering a frame building owned by Sadie Swanson at the time the work was performed ; the plastering having been done between the 5th and 15th days of December, 1892.

The amended complaint averred that S. H. Stuart claimed a lien by virtue of a mortgage given to him by Sadie Swanson,

dated November 24, 1892.   It was also alleged that the mortgage was given after the commencement of the work on various contracts for the erection of the building situated upon the premises described in the lien.

The answer raised the question whether the mortgage of Stuart was a prior lien on the property, and whether it was entitled to precede the lien of the plaintiffs.   The plaintiffs moved for judgment on the pleadings.   This motion was sustained, and judgment ordered for the plaintiffs, and decree entered adjudging the lien set up in the plaintiff's complaint to be superior and paramount to the interest of the mortgagee, Stuart, and awarding the plaintiffs $50 attorney's fees.   The appeal is from the judgment.

*Chas. O'Donnell*, for Appellant.

*C. R. Leonard*, for Respondents.

HUNT, J.—The portion of section 1374, division 5, general laws, 1887, applicable to the present controversy, is as follows:   " The liens for work or labor done, or material furnished, as specified in this chapter, shall be prior to and have precedence over any mortgage, incumbrance or other lien made subsequent to the commencement of work on any contract for the erection of such building, structure or other improvement."

A former statute of the territory of Montana provided that " The liens for work or labor done   *   *   *   shall have priority   *   *   *   and shall be preferred to all other liens and incumbrances which may be attached   *   *   *   . to the extent aforesaid   *   *   *   made subsequent to the commencement of said building, erection or other improvement." (Gen. Laws 1879, div. 5, § 827.)

In *Davis* v. *Bilsland*, 18 Wall. 659, the supreme court of the United States decided that, under this statute quoted above, liens secured to mechanics and material men had precedence over all other incumbrances put upon the property after the commencement of the building.   This construction

of the statute was regarded as just, the court there saying, "why should a purchaser or lender have the benefit of the labor and materials which go into the property, and give it its existence and value?"

The same view of the statute was taken by the supreme court of the territory in *Mason* v. *Germaine,* 1 Mont. 263, where the court were of opinion that the statute expressly gave preference to liens of mechanics and material men over any encumbrance made subsequent to the commencement of the building.  It will be observed that there is a difference in the wording of the statute construed in *Davis* v. *Bilsland, supra,* and section 1374, quoted above.  The latter reads thus, " Subsequent to the commencement of work on any contract for the erection of such building, structure or other improvement ;" while the former reads, "subsequent to the commencement of said building, erection or other improvement."   But this difference is expressly referred to and commented upon in *Merrigan* v. *English,* 9 Mont. 113, where Justice Bach, for the court, said :

"But there is no difference in the meaning.   When Crawford commenced to erect the building, work was commenced on a contract for the erection of the building ; in other words, that was 'the commencement of the building.'  Such a construction of the statute as is stated in the case last cited is not unjust.   The mortgagee knew the law.   He knew, or could have known, that work had been commenced on a contract for the erection of a building.   He knew that persons other than the original contractor would perform work and labor which would improve the property upon which, as security, he advanced the money.   He knew of the lien which such subcontractor could acquire.   To hold otherwise would be to destroy the very purpose of this law, which was to give to the subcontractor a direct lien for the value of his labor, because it is evident, if the contrary was held, such liens would be made worse than a farce by so-called blanket mortgages filed the day after the improvement was commenced."

The case is therefore, upon this point, determined by these

former constructions of the Montana lien statutes, and the court properly adjudged the mortgage a subsequent lien to that of plaintiffs.

The district court allowed the respondents $50 attorney's fee, as part of the costs. This was authorized by act of the sixteenth legislative assembly, approved March 14, 1889. (*Wortman* v. *Kleinschmidt*, 12 Mont. 316.) Respondents' counsel now asks this court to allow him, as costs, a reasonable fee for his services in the supreme court.

The only question involved is whether the statute referred to, allowed attorney's fees as part of the costs in the supreme court, as well as the district court. Upon the general principle that costs are recoverable at law only by force of statute, and depend upon the terms of the statute strictly construed, we do not find authority in the statute to allow counsel fees in the supreme court. The statute is a severe one, at best, and ought to be strictly construed. We therefore think that its application should govern attorney's fees taxable as costs only in the court in which the action is instituted. Judgment affirmed.

*Affirmed.*

PEMBERTON, C. J. concurs. DE WITT, J.: I concur in the judgment, but in the allowance of the attorney's fee in the district court only on the ground of *stare decisis* and *res adjudicata.* (*Wortman* v. *Kleinschmidt*, 12 Mont. 316 ; *Helena S. H. & S. Co.* v. *Wells*, 16 Mont. 65.)