THE NATIONAL MORTGAGE AND DEBENTURE COMPANY v. THE HUTCHINSON MANUFACTURING COMPANY *et al.*

#### No. 626.

MECHANIC'S LIEN — *building* "*commenced*" *when foundation begun, though not made under contract.* In this case the "commencement of the building," within the meaning of the Mechanics'

Lien Law, held to be the time work was begun on the foundation thereof, notwithstanding the foundation was made by the owner himself, or under his direction, and not under a contract.

Error from Reno District Court. Hon. L. Houk, Judge. Opinion filed September 18, 1897. *Affirmed.*

*James McKinstry* and *Gleed, Ware & Gleed,* for plaintiff in error.

No appearance for defendants in error.

Milton, J. M. A. Snyder and W. H. Brinkman, partners as the Hutchinson Manufacturing Company, brought an action in the District Court of Reno County against Henry Parsons, the original contractor, Newton Smith, the owner of the realty, Nettie Smith, his wife, the National Mortgage and Debenture Company, the mortgagee, and others, to foreclose a mechanic's lien for material furnished by the plaintiffs to the contractor. The court found that a contract was entered into on July 15, 1889, between Parsons, as contractor, and Smith, as owner of the premises, for the erection of a two-story frame residence, but not the foundation thereof, on the latter's lots in the city of Hutchinson. Subsequently, several subcontracts were made between Parsons and various parties to the case. On June 26, a mortgage by Smith and wife conveying the lots in question to the National Mortgage and Debenture Company was duly filed for record.

It was admitted, and the court found, that the foundation for the dwelling was built and completed by Smith before the contract with Parsons was made, and that none of the liens were for work done on said foundation or for material furnished therefor. The evidence showed that stone for the foundation was on the lots in May, 1889. The court found the mortgage from Smith and wife to the Mortgage Company

MORTGAGE CO. v. MANUFACTURING CO.    675

Sept. 18, 1897.        Opinion.   Milton, J.        ·        C. Div.

to be a valid lien on the mortgaged premises. The Mortgage Company was awarded a judgment in the sum of twenty-four hundred dollars, and its lien declared to be subject to the liens of plaintiffs, of defendant Parsons, and two others. The Mortgage Company brings the case here for review. No brief has been filed on behalf of any of the defendants in error.

The only issue presented to us is as to the priority of lien between the mortgage and the mechanics' liens. It appears that the building of the foundation was a matter in which none of the parties claiming liens was concerned. It was completed, as the court finds, before the contract was made between Smith and Parsons. Counsel for plaintiff in error say :

"We take it for granted that neither the contractor nor any of the subcontractors can, for the purpose of sustaining their liens, get any benefit from labor performed or materials furnished by the owner prior to the time he entered into the original contract upon which claimants all rely."

In this counsel are mistaken. Section 630 of the Civil Code, which makes provision for liens for labor and material, contains the following :

" Such liens shall be preferred to all other liens or incumbrances which may attach to or upon such land, buildings, or improvements, or either of them, subsequent to the commencement of such building, the furnishing or putting up of such fixtures or machinery, the planting of such trees, vines, plants or hedges, the building of such fence, footwalks or sidewalks, or the making of any such repairs or improvements."

In the case of *Thomas & Co. v. Mowers* (27 Kan. 265), the syllabus is as follows :

" Where the owner of a piece of land, intending to build a dwelling house thereon, commences work on the cellar, and about the time of the completion of the

cellar, or shortly before, purchases lumber to build the house, and the house is built, covering the cellar, and afterward the person selling the lumber procures a mechanic's lien on the property, but intermediate between the time of the commencement of the construction of the cellar and the sale of the lumber another person obtains a mortgage on the property, *held*, under the statutes of Kansas (Comp. Laws of 1879, p. 688, § 630), that the mechanic's lien is prior to the mortgage lien ; that the commencement of the building, within the meaning of the statute, was at the time of commencement of the excavation for the cellar.''

The syllabus of *Mortgage Co. v. Weyerhaeuser* (48 Kan. 335) declares :

''All mechanics' liens for labor performed and material furnished in the construction of a building date from the commencement of the building, and not from the date of the first item in the account.   .   .   .   The digging of the cellar or the excavation for the foundation is the commencement of the building, within the intention and meaning of the statute.''

The case of *Mutual Benefit Life Ins. Co. v. Rowand* (26 N. J. Eq. 389) is directly in point, the New Jersey statute being similar to our own.   We quote from the syllabus :

'' The excavation for the foundation is the 'commencement of the building' within the meaning of the Mechanics' Lien Law.

'' This excavation is the constructive notice intended by the legislature to all who might propose either to purchase or to acquire liens upon the property ; and it makes no difference that the excavation is made by the owner himself; or under his direction, and not under a contract.''

See also Boisot on Mechanics' Liens, § 56 ; *Pennock v. Hoover*, 5 Rawle (Pa.) 291; *Brooks v. Lester*, 36 Md. 65.

The judgment of the trial court is affirmed.