## FARMERS CO-OPERATIVE UNION GIN CO. et al. v. ROUNDS & PORTER LBR. CO.

No. 22455. Oct. 23, 1934.

Freeling & Box, for plaintiffs in error.

Stansell Whiteside and Morton A. Perry, for defendant in error.

McNEILL, J. The question for determination involves the priority of a materialman's lien over a chattel mortgage. The

trial court found in favor of the material-man's lien. We approve.

The case was tried upon an agreed statement of facts. Plaintiff below, Rounds & Porter Lumber Company, under a valid contract furnished lumber and other bulding material to the Farmers Co-operative Union Gin Company, which was used in the erection of buildings on its leasehold estate. The first and last items were furnished between August 10, 1928, and September 24, 1928, respectively. The buildings were commenced on August 10, 1928. The material-man's lien was properly filed and the lumber bill was due and owing.

The Murray Company also furnished certain gin machinery to said Farmers Co-operative Union Gin Company and accepted notes from said company secured by a mortgage given on certain gin machinery placed in the buildings constructed from the lumber and building materials furnished by the Rounds & Porter Lumber Company. The notes and mortgage were dated August 22, 1928. The Murray Company does not seek to enforce its rights under a materialman's lien, but asserts that its lien arising by virtue of its chattel mortgage is superior and prior to the materialman's lien of plaintiff.

Under section 7461, C. O. S. 1921, as amended by Laws 1923, c. 54, any person who shall, under oral or writen contract with the owner of any tract or piece of land, furnish material for the erection, alteration, or repair of any building, improvement, or structures thereon, etc., shall have a lien upon the whole of said tract or piece of land, the building, and appurtenances. That section of the statute specifically provides:

"Such liens shall be preferred to all other liens or incumbrances which may attach to or upon such land, buildings or improvements or either of them, subsequent to the commencement of such buildings, the furnishing or putting up of such fixtures or machinery. * * *"

Under this very plain language of the statute the lien for materials furnished by the Rounds & Porter Lumber Company must be preferred to the lien of the Murray Company under its chattel mortgage. The notes of the Murray Company are dated August 22, 1928, subsequent to the commencement of the buildings on August 10, 1928, on which date the first item for materials was furnished by the Rounds & Porter Lumber Company. In the case of Kendall Mfg. Co. v. Rundel et al., 47 N. W. 364, the Supreme Court of Wisconsin, in considering a statute very similar to section 7461, supra, held:

"* * * that a mechanics' lien properly filed 'shall be prior to any other lien which originates subsequent to the commencement of the construction, repairs,' etc., one who furnishes other materials, and files his claim as prescribed by the statute, has a lien prior to that acquired by the chattel mortgage. * * *"

See Continental Supply Co. v. Geo. H. Greenan Co., 140 Okla. 221, 282 P. 598.

The lien of Rounds & Porter Lumber Company, under section 7461, C. O. S. 1921, as amended, is superior and prior to the lien or incumbrances of the Murray Company which attached subsequent to the commencement of the building.

The Murray Company also urges that the machinery which it furnished was placed in said building and secured by bolts, screws, nails, etc., and could be removed without damage to the building or premises. The stipulation as to the facts is silent as to whether this could be done. There was no pleading or proof as to those matters and on that question no issue was joined. The parties are bound by the agreed statement of facts. If that question was an issuable fact as to whether the machinery so placed in said buildings could be removed without damages to the building or premises, it was essential that those facts should have been pleaded and proved or an agreed statement of those facts submitted. In the absence of pleading, proof, or stipulation as to those facts, that question is not properly before this court.

We find no prejudicial error in the judgment of the trial court.

Judgment affirmed.

RILEY, C. J., and SWINDALL, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS, OSBORN, and BAYLESS, JJ., absent.