No. 80-283

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

GENERAL ELECTRIC SUPPLY COMPANY,
DIVISION OF GENERAL ELECTRIC COMPANY,
A CORPORATION,

        Plaintiff and Appellant,

vs.

GARY V. BENNETT and HAROLD E. GERKE, et al.,

        Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Montana
Honorable Diane Barz, Judge presiding.

Counsel of Record:

For Appellant:

Fred N. Dugan, Billings, Montana

For Respondents:

Stacey & Jarussi, Billings, Montana

---

Submitted on briefs: January 8, 1981

Decided: April 15, 1981

Filed: APR 1 5 1981

Thomas J. Kearney
_____
                Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff General Electric Supply Company (General Electric) appeals from the order and judgment entered by the District Court of the Thirteenth Judicial District, Yellowstone County, granting summary judgment to the defendants (owners) after cross-motions for summary judgment had been made. The order and judgment invalidate General Electric's mechanic's lien on certain property of the defendants. The sole issue involved in this appeal is one of law: Is the description of the subject property, which description is contained in the notice of lien filed with the county clerk and recorder, legally sufficient to identify the property for purpose of enforcing the lien? We hold that the order and judgment of the District Court should be reversed, and summary judgment should be entered in favor of appellant General Electric.

The appeal has been submitted on an agreed statement of facts. The quotes which appear in the following description of facts are taken from that agreed statement.

The owners caused a building to be constructed on their following-described property: The South 90 feet of Lot 9, Block 1, of Valley View Acres Subdivision, in the City of Billings, Yellowstone County, Montana.

General Electric sold electrical supplies to the electrical subcontractor on the job. On February 23, 1978, and within 90 days after the last of the electrical materials was supplied, General Electric filed a notice of its mechanic's lien with the county clerk and recorder.

> "The notice states that the reputed owners of the lands and premises and the office building located thereon were Gary V. Bennett and Harold E. Gerke, d/b/a Bennett & Gerke, that the reasonable value of the building materials furnished by claimant was in the sum of $14,173.37, and that the

property to be charged with the lien is the 'office
building' located on Lots 7 and 8 in Block 1 of
Valley View Acres Subdivision and the lands 'here-
inbefore described on which said building is situ-
ated'. The invoices attached as exhibits to the
notice each referred variously to the applicable
charges as for: 'Bennett Office Building'; 'Bennett
Office'; 'Bennett'; or 'Bennetts'. As emphasized
above, the building was actually located on Lot 9
not Lots 7 and 8." Agreed Statement in Lieu of
Record on Appeal, p. 2.

Thereafter a portion of the supplies was returned to
General Electric unused. The remaining supplies, in the
amount of $10,586.18, were actually used in the construction
of the building. The owners substituted their bond in the
remaining amount so as to discharge the lien on the property.

"Suit on the bond in the manner of foreclosure of
Mechanic's Lien but reciting the substitution of
the bond was commenced on February 7, 1979 naming
as defendants the owners, the prime contractor,
the subcontractor and the bonding company . . .
After the filing in bankruptcy by the subcontractor,
his trustee in bankruptcy was substituted in his
place and default was entered against the trustee.
The defendant owners answered counterclaiming for
the cost of their bond premium and cross-complaining
against the prime contractor, Mora, for any judgment
plaintiff might sustain . . . [T]he issues con-
cerning Mora, the prime contractor were severed
for consideration after trial or determination of
the issues between plaintiff and the defendant
owners and bonding company on their respective mo-
tions for summary judgment." Agreed Statement in
Lieu of Record on Appeal, p. 3.

The owners and bonding company moved for summary judg-
ment, and filed a brief in support of the motion. General
Electric also moved for summary judgment, and filed a brief
and supporting affidavits. The owners did not file any
affidavits in support of their own motion, and did not file
affidavits or a brief in opposition to General Electric's
motion.

"The matter was then submitted to the Court upon
cross motions for summary judgment. Thereafter
the Court entered its Order granting the defendants'
motion for summary judgment and denying plaintiff's
motion. A pre-judgment hearing was held in which due
proof was made of defendants damages by way of bond
premium cost and of the reasonable value of their

-3-

attorney's fees, whereupon summary judgment for the defendants was entered from which this appeal is taken." Agreed Statement in Lieu of Record on Appeal, pages 4-5.

This appeal is taken upon cross-motions for summary judgment. We agree that there is no genuine issue as to any material fact, but we hold that the District Court erred in granting summary judgment to the owners. General Electric is entitled to a judgment as a matter of law, and not the owners. Rule 56(c), M.R.Civ.P.

Section 71-3-511(1), MCA, prescribes the necessary steps to be followed in acquiring a mechanic's lien:

"How to perfect lien. (1) Every person wishing to avail himself of the benefits of this part must file, with the county clerk of the county in which the property or premises mentioned in 71-3-501 is situated and within 90 days after the material or machinery aforesaid has been furnished or the work or labor performed, a just and true account of the amount due him, after allowing all credits, containing a correct description of the property to be charged with such lien, verified by affidavit, but any error or mistake in the account or description does not affect the validity of the lien if the property can be identified by the description. The paper containing the account, description, and affidavit is deemed the lien. When there is an open account between the parties for labor, material, or machinery, such lien may be filed within 90 days after the date of the last item in such account and include all items and charges contained therein for material or machinery furnished for, or work performed on, the property on which the lien is claimed." (Emphasis added.)

The above statute and its emphasized portion have been construed by this Court many times. This Court has uniformly held that the requirements of the mechanic's lien statutes as to procedure will be strictly enforced. Once the procedure has been fulfilled, the statutes will be liberally construed so as to give effect to their remedial character. Federal Land Bank of Spokane v. Green (1939), 108 Mont. 56, 62-63, 90 P.2d 489, 491-492; Western Iron Works v. Montana Pulp & Paper Co. (1904), 30 Mont. 550, 558, 77 P. 413, 416.

The property to be described and to which the lien attaches is the building or improvement itself. Varco-Pruden v. Nelson (1979), ___ Mont. ___, 593 P.2d 48, 50, 36 St.Rep. 704, 706. Based upon the above-stated rule of liberal construction, this Court has held that "if the description of the building itself is sufficient to enable a person familiar with the locality to point it out as the only one corresponding with the description contained in the lien, it meets all the requirements of the statute . . ." Varco-Pruden v. Nelson, supra; Midland Coal & Lumber Co. v. Ferguson (1921), 61 Mont. 402, 405, 202 P. 389, 390.

In seeking to determine if a party familiar with the locality can identify the property from the description, "whether a given description is sufficient or not depends upon the surrounding circumstances, the character of the particular building, its situation with reference to others, etc." Midland Coal & Lumber Co., 61 Mont. 406, 202 P. 390.

Although the statutes extend the lien on the structure to the land itself, the land need not be described. Section 71-3-514, MCA; Federal Land Bank of Spokane, 108 Mont. 64, 90 P.2d 492. Often, a description of the land is included so as to further identify the particular structure. Morrison-Maierle, Inc. v. Selsco (1980), ___ Mont. ___, 606 P.2d 1085, 1087, 37 St.Rep. 299, 301; Midland Coal & Lumber Co., 61 Mont. 405, 202 P. 390; Western Iron Works, 30 Mont. 556, 77 P. 416.

In cases where the legal description of the land contained errors, this Court stated that "if, by rejecting what is erroneous in the description contained in the lien, enough remains to identify the particular property sought to be charged, the lien will be upheld." Caird Engineering Works v. Seven Up Gold Mining Co., Inc. (1941), 111 Mont.

471, 479, 111 P.2d 267, 272; Midland Coal & Lumber Co. v. Ferguson, supra.

Under the statutes, the accounts and statements filed with the notice of lien form part of the lien itself, and can be used for further aid in identifying the building sought to be charged. Section 71-3-511(1), MCA; Morrison-Maierle, Inc. v. Selsco, supra; Federal Land Bank of Spokane, 108 Mont. 63-64, 90 P.2d 492.

The purpose of requiring notice of the lien to be filed is to protect all parties dealing with the property, including innocent third parties and subsequent purchasers. Morrison-Maierle, Inc. v. Selsco, supra; Western Iron Works, 30 Mont. 557, 77 P. 416. This Court will construe the adequacy of the description more strictly against the lien claimant where third parties are involved than where only the owners themselves are involved:

> "The same rule of construction would certainly not apply in a case where the result affected the interest of an innocent purchaser for value, whose rights might have been prejudiced by a lack of full description, and one which affected only the interest of the owner whose land has been enhanced in value by the lien claimants, and who is presumed to know its location." Caird Engineering Works v. Seven Up Gold Mining Co., supra, 111 Mont. 481, 111 P.2d 273. See also Blose v. Havre Oil & Gas Co. (1934), 96 Mont. 450, 466-467, 31 P.2d 738, 744.

Turning now to the facts of this appeal, we note first that only the lien claimant and the owners of the property are involved. No third party has been misled to his detriment by the incorrect description. Therefore, the owners' argument that third parties might have been misled is unpersuasive, and the owners themselves could not have been misled by the incorrect description.

The notice of lien describes the structure itself as an "office building" and the invoices attached as exhibits

describe it as "Bennett Office Building", "Bennett Office", "Bennett", and "Bennetts". Omitting the incorrect portion of the legal description, the building is described as being located on Block 1 of Valley View Acres Subdivision in Billings, Yellowstone County, Montana.

The following is a pertinent portion of General Electric's exhibit "C" showing the location of the lots in question:



The affidavits and photographs submitted in evidence by General Electric show only two commercial buildings on Block 1, the Royal Fork restaurant building (obviously not an office building) and the Bennett office building. This evidence is not controverted or rebutted by the owners, and is therefore taken as true. Swecker v. Dorn (1979), ____Mont.____, 593 P.2d 1055, 1058, 36 St.Rep. 844, 847. The uncontroverted evidence forms a proper basis for summary judgment. Rule 56(e), M.R.Civ.P.

Using only the correct portions of the description contained in General Electric's notice of lien, and using the account statements which form part of the lien for further aid in identification, the building subject to the lien is described as the "Bennett Office Building" located on Block 1 of Valley View Acres Subdivision of Billings, Yellowstone County, Montana. Considering the uncontradicted evidence, it is clear that a person familiar with the locality could identify the property subject to the claim of lien. The description contained in the notice of lien is sufficient to allow lien foreclosure. Any question in this regard is eliminated by the presence of the owners as the only parties involved and the absence of innocent third parties.

We reverse the judgment of the District Court, and remand the case for entry of judgment in favor of General Electric Supply Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices