No. 84-278

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

SHERIDAN READY MIX, INC.,
a Montana corp.,

Plaintiff and Appellant,

-vs-

FIRST CONGREGATIONAL CHURCH OF
PLENTYWOOD, MONTANA,

Defendant and Respondent.

---

APPEAL FROM:  District Court of the Fifteenth Judicial District,
In and for the County of Sheridan,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hendrickson & Everson; Jim Ragain, Billings, Montana

For Respondent:

Marks and Irving; Dave Irving, Glasgow, Montana

---

Submitted on Briefs:  Nov. 20, 1984

Decided:  January 28, 1985

Filed:

JAN 28 1985

*Ethel M. Harrison*
———————————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a summary judgment order of a mechanic's lien, filed in the District Court of the Fifteenth Judicial District of the State of Montana, for the County of Sheridan.

Appellant Sheridan Ready-Mix (Sheridan) filed a complaint for foreclosure on a mechanic's lien against the First Congregational Church of Plentywood Montana (Church). The Church filed an answer and motion for summary judgment, alleging the mechanic's lien was defective because: (1) the statutory period of notice was not met; (2) the "owners" of the property were not properly served; and (3) the property description was inadequate. Defendant Church's motion was granted and Sheridan Ready-Mix appeals.

The Church hired Norris Masonry and Concrete Construction to construct and make certain improvements to the church, including: steps, approaches, ramps, landings and sidewalks. On September 1, 1982, Sheridan Ready-Mix was hired as a subcontractor by Norris Masonry to provide concrete for the construction and improvements on the church. Sheridan provided concrete until September 17, 1982. At the completion of the work, Norris Masonry was paid in toto by the Church and for some reason Sheridan was never paid the $2,726.93 owed it.

On December 15, 1982, Mr. David Cybulski, attorney for Sheridan filed a "Notice of Lien" against Church with the County Clerk of Sheridan County. Prior to filing that lien, Cybulski mailed a copy of it to the First Congregational Church, 313 North Jackson, Plentywood, Montana, 59254, by certified mail, return receipt requested. The Reverend Doris

Underdahl, the minister of the church, received notice on December 17, 1982, one day after the statutory period for filing the lien had expired.

The notice of lien consisted of six pages. Page one contained the information required by statute to be on a lien notice, a legal description of the real property sought to be charged with the lien and a certificate of service over the signature of Mr. Cybulski. The legal description stated:

> "That the real property which is subject to this lien is situated in the County of Sheridan, State of Montana, and is particularly described as follows: to-wit:
>
> > "Lots One (1) and Two (2) of Block Three (3) Original Townsite, Plentywood, Montana."

The Certification of Service stated:

> "I hereby certify that a true and correct copy of the Notice of Lien has been served upon the owner of record, the First Congregational Church, 313 North Jackson, Plentywood, Montana 59254, by certified mail, return receipt requested, postage prepaid to the owner's last known address."

Pages 2 through 6 of the notice of lien consisted of an account summary and copies of specific invoices. Each of those pages made specific reference to "Congregational Church" or "Cong. Church."

The District Court found the lien was invalid because of an inadequate property description. The District Court also questioned the timeliness of the filing of the notice and whether or not the real owner was notified.

Four issues are presented for consideration:

1. Whether the property description in the notice of lien was adequate as a matter of law.

3

2. Whether proper notification had been given to the owner of record of the property named in the lien, as provided by section 71-3-513(2) MCA.

3. Whether a mechanic's lien was perfected if a copy was not received by the owner of the property until after the ninety day statutory period has expired.

4. Whether the "owner" of the property had been properly served when a copy of the lien had been addressed to the name of the unincorporated association rather than the governing body or the agent of said association.

The first issue concerns whether the property description in the notice of lien was adequate as a matter of law. The respondent argues the trial court correctly ruled the property description and notice of lien was inadequate as a matter of law in that it contained a "very descript legal description" and is therefore inadequate under the mechanic's lien. Varco-Pruden v. Nelson (1979), 181 Mont. 252, 593 P.2d 48; Caird Engineering Works v. Seven-up Gold Mining Co. (1941), 111 Mont. 471, 111 P.2d 267; Federal Land Bank of Spokane v. Green (1939), 108 Mont. 56, 90 P.2d 489; Midland Coal & Lumber v. Ferguson (1921), 61 Mont. 402, 202 P.2d 389; and Stritzel-Spaberg Lumber Co. v. Edwards et al. (1914), 50 Mont. 49, 144 P.2d 772.

Interestingly enough, both parties seem to rely upon the same cases and appear to be in agreement with the above authorities. The accounts and statements attached to and filed with the lien statement form a part of the lien statement and can be used for further aid in identifying the property sought to be charged with a lien. Here the only evidence submitted to the trial court was that the concrete was supplied and incorporated into the First Congregational

4

Hon. John C. Harrison
Justice, Supreme Court
Room 414 Justice Building
215 North Sanders
Helena, Montana 59620

CORRECTION. In preparing this opinion for publication, we noted in our verification of titles and citations the matters listed below. Corrections have been made on our copy of the opinion.

RECEIVED

MAR 18 1985

ETHEL M. HARRISON
Clerk of Supreme Court
State of Montana

March 12, 1985

Sheridan Ready Mix, Inc. v. First Congregational Church of Plentywood, No. 84-278, Jan. 28, 1985

Page 4, line 21 - - - 202 P.2d 389 should read 202 P. 389.

Page 4, line 23 - - - 144 P.2d 772 should read 144 P. 772.

Page 9, last line - - - (Tex. 1972) should read (Tex.Civ.App. 1972).

WEST PUBLISHING COMPANY
Box 43526
St. Paul, MN 55164

Church, and that a person generally familiar with the locality could identify the property from the description contained in the lien statement. It should be noted that the respondent Church had an opportunity to submit evidence to the contrary, but chose not to do so, apparently deciding to contest this lien on the basis that only a question of law existed as to whether the lien statement contained an adequate legal description.

Mechanic's lien proceedings are governed by section 71-3-501, et. seq., MCA. Subsection (1) of section 71-3-511, MCA entitled "How to Perfect Lien" states as follows:

> "Every person wishing to avail himself of the benefits of this part must file, with the county clerk of the county in which the property or premises mentioned in 71-3-501 is situated and within 90 days after the material or machinery aforesaid has been furnished or the work or labor performed, a just and true account of the amount due him, after allowing all credits, containing a correct description of the property to be charged with such lien, verified by affidavit, but any error or mistake in the account or description does not affect the validity of the lien if the property can be identified by the description. The paper containing the account, description, and affidavit is deemed the lien. When there is an open account between the parties for labor, material or machinery, such lien may be filed within 90 days after the date of the last item in such account and include all items and charges contained therein for material or machinery furnished for, or work performed on, the property on which the lien is claimed."
> (Emphasis added.)

In support of its contention that Sheridan's property description is inadequate in that it is a "bare legal description," the respondent Church relied upon Midland v. Ferguson, supra, an early Montana case for the proposition that the property to be described in a mechanic's lien is the building, structure, or other improvements upon which the

5

lien is to attach, rather than the land upon which the property is located. Church also cited Midland Coal & Lumber, supra, as holding that if a person familiar with the locality can identify the property from the description in a lien, said description meets the statutory requirement. In so arguing, Church cites Varco-Pruden v. Nelson, supra, as authority for its argument that a bare legal desciption of a tract of land, with no attempt to describe the building or improvement upon which the lien is claimed, does not give rise to an enforceable lien.

While we do not disagree with this argument, it should be noted the court below in its findings as a matter of law, found the property description contained in Sheridan's lien is a "bare legal description." The District Court had before it two copies of the lien statement filed by Sheridan, one of which was attached to Sheridan's complaint, the other being a certified copy attached to an affidavit of the attorney David Cybulski. Mr. Cybulski was the attorney who prepared the lien which stated he had been a resident of Plentywood, Montana, for twenty-nine years; that he was familiar with the locality and the property owned by the Church; that there were two buildings on the above described property, those being a church building and a parsonage; that a person generally familiar with the locality, such as Mr. Cybulski, given the legal description of the lots and the further description of "Congregational Church," could identify the property described as the church building as opposed to the other structures on the lots.

Two recent decisions of this Court, General Electric Supply Co. v. Bennett (Mont. 1981), 626 P.2d 844, 38 St.Rep. 553, and Morrison-Maierle, Inc. v. Selsco (1980), 186 Mont.

180, 606 P.2d 1085, require a finding that the property description in Sheridan's lien statement is sufficient to enable one familiar with the locality to identify the property sought to be charged, thus meeting the requirements of section 71-3-511, MCA.

In General Electric Supply Co., supra, this Court, citing Federal Land Bank of Spokane v. Green (1939), 108 Mont. 56, 90 P.2d 489, held the requirements of the mechanic's lien statutes as to procedure will be strictly enforced, but once the procedural requirements have been fulfilled, the statutes will be liberally construed so as to give effect to their remedial character. In General Electric Supply Co., the defendant property owners argued the lien statement was defective in that it referred only to an "office building," there being more than one building on the property. This Court held, however, that pursuant to our statute, the accounts and statements filed with the notice of lien formed part of the lien itself and can be used for further aid in identifying the property. In General Electric Supply Co., the accounts and statements filed with the notice of lien identified the building as the "Bennett Office Building." We held that using the account statements, which formed part of the lien, it was clear that a person familiar with the locality could identify the property. Here, as in General Electric Supply Co., the description contained in the notice of lien is sufficient to safisfy the statutory requirements.

The second issue is whether the proof of service contained in Sheridan's lien statement meets the requirement of the mechanic's lien statute. The District Court in holding that it did not, cited the recent case General Electric Supply Co. v. Bennett, supra, in support of the ruling that

7

the lien did not meet the statutory requirement. The court cited that proper notice was not made because of an inadequate return receipt. A review of statutory authority, including the legislative history and cases referred to by the District Court, do not reveal any support for the conclusion reached by the District Court on this issue.

Section 71-3-513, MCA entitled "Filing with the county clerk--notification of owner" states in subsection (2) thereof:

> "The clerk shall not file the lien unless there is attached thereto a certification by the lien claimant or his agent that a copy of the lien has been served upon each owner of record of the property named in the lien. Service shall be made by personal service on each owner or by mailing a copy of the lien by certified or registered mail with return receipt requested to each owner's last known address. The certification shall state whether service was made by delivery of certified or registered mail."

Nothing in this section speaks of any requirement to produce to the clerk a "return receipt" or other proof of actual receipt by the property owner. Here, the lien statement of the appellant reads as follows:

> "CERTIFICATE OF SERVICE
>
> I hereby certify that a true and correct copy of the Notice of Lien has been served upon the owner of record, the First Congregational Church, 313 North Jackson, Plentywood, Montana, 59254, by certified mail, return receipt requested postage prepaid to the owner's last known address."

This language was followed by the signature of attorney David Cybulski, Sheridan's attorney. This method of proof of service follows the language of the statute and is sufficient. The District Court erred in holding the method of proving service was inadequate.

The next issue concerns whether appellant Sheridan's lien statement was properly perfected, notwithstanding the fact that First Congregational Church did not receive a copy of the lien until one day after the filing period had expired. It is the respondent's position the District Court properly ruled service was improper in that the notice was not received until the 91st day, one day after the filing period had expired. The evidence introduced showed appellant Sheridan provided materials and labor which were incorporated into the Church for a period of time ending September 17, 1982. Thus, Sheridan had until December 16, 1982 to perfect its lien by filing it with the county clerk. Sheridan secured the services of attorney Cybulski to prepare and file its lien statement. Mr. Cybulski filed the lien statement on December 15, 1982, after first mailing a copy of the lien statement, by certified mail, return receipt requested, to First Congregational Church. The copy of the lien statement was not delivered to First Congregational until December 17, 1982, one day after the 90-day period for filing had expired.

Statutes concerning the perfection of a mechanic's lien are governed by sections 71-3-511, and 71-3-513, MCA. Church bases its contention that the appellant's lien is invalid on the "has been served" language contained in section 71-3-513(2), MCA. It is the position of the respondent that a copy of the lien had not been served until it was actually served on the owner of the property.

Both the appellant and respondent have found no Montana decisions which resolve this issue and therefore have had to resort to precedents from other jurisdictions. The appellant relies on Johnson Service Co. v. Climate Control Contractors, Inc. (Tex. *Civ. App.* 1972), 478 S.W.2d 643, where subcontractor Johnson

having not been paid by Climate Control mailed a notice on the 89th day to Climate Control which did not receive the notice until the 91st day. The Texas statute concerning the unpaid bills provided as follows:

> "'Such claimant shall have given within ninety (90) days . . . written notices of the claim by certified or registered mail, addressed to the prime contractor at his last known business address, or at his residence, and to the surety or sureties.'" Johnson Service Co., 478 S.W.2d at 644.

In that case, the Texas Court of Appeals adopted the rule that when a statute authorizes service of notice by registered or certified mail, service is effective when the notice is properly addressed, registered and mailed. We believe that such is a proper ruling and adopt the above language in this decision.

The final issue is whether or not the appellant served a copy of its lien on the proper party. The respondent, Church, argues Sheridan's lien is invalid because the notice to the Church was received by the minister of the Church, rather than someone on the board of trustees. Section 71-3-513(2), MCA, permits that in lieu of personal service, a copy of the lien may be mailed by certified or registered mail to the owner of the property named in the lien. When the requirements for service by mail, as permitted by section 71-3-513(2), MCA are followed, service is complete. It is irrelevant to such service who receives the notice which has been properly mailed. The lien statute does not impose a duty on the lien claimant to follow the postman to the door of the addressee to determine if the right person received the letter. Service was complete when the mailing as required by statute occurred. See section 28-10-201, MCA.

10

We hold the District Court erred in finding that the legal description was inadequate, that the filing of the notice was improper without filing a return receipt, and that there were questions as to the receipt of said notice by a proper party.

The judgment of the District Court is reversed and it is remanded with instructions to enter a judgment for appellant Sheridan, said judgment is to include reasonable attorney's fees incurred by the appellant, at trial and appellate level.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

11