MAX PRIEBATSCH *v.* BAPTIST CHURCH ET AL.

1. MECHANIC'S LIEN ON BUILDING. *Title of purchaser.*

Where one, while acting for a church society, contracts a debt in his own name for lumber used in erecting a church building, which is sold under mechanic's lien proceedings wherein the individual is sole defendant, the purchaser of the building acquires a good title thereto, even as against third persons having no notice of the lien or the sale thereunder.

2. REMOVAL OF BUILDING. *Laches of purchaser. Code* 1880, § 1391.

In such case, though the land belongs to another, the purchaser may, " with reasonable dispatch," enter and remove the building; but a delay of two years or more is *prima facie* fatal to such right, and in the absence of explanation is conclusive against it.

FROM the chancery court of Madison county.

HON. WARREN COWAN, Chancellor.

One Covington was the pastor of the African Methodist Episcopal Church, at Canton, Mississippi. In 1883 he purchased lumber from the appellant, Priebatsch, to erect a church building on a lot in Canton, used by the church, but owned by one Virden. The house was erected for the church, but Covington bought the lumber in his own name. On failure to pay for the same, appellant instituted proceedings against him to enforce a mechanic's lien on the building. Covington was the only person named as defendant in the petition.

Judgment was obtained condemning the building, and the same was sold under special execution March 29, 1884, appellant becoming the purchaser and receiving a deed from the sheriff.

Prior to this sale, on February 2, 1884, the trustees of said church executed a trust-deed to G. W. Thomas, assuming to convey the building as security for a debt due him. Under this deed,

on June 21, 1884, Thomas became the purchaser of the building, and he afterward conveyed it to the Third Baptist Church; and this church, on the 25th of January, 1886, purchased the lot from Virden, and proceeded to improve the property.

On March 4, 1886, said Third Baptist Church borrowed three hundred dollars from the American Baptist Home Mission Society, and executed a trust-deed on said house and lot to secure the debt. Neither of these parties had knowledge of the proceedings by Priebatsch, or of his purchase of the building.

On July 9, 1886, the bill in this case was filed by the Third Baptist Church and the Home Mission Society to enjoin Priebatsch, who was about to remove the building. Said Baptist Church was in possession. Priebatsch answered and filed a cross-bill, seeking to cancel the adverse conveyance of the building and asking permission to remove the building from the land.

A decree was rendered in favor of complainants in the original bill, and defendant, Priebatsch, appealed.

*A. C. McNair*, for appellant.

1. The lumber was bought by Covington for the church, and was used in erecting the building; this gave a lien on the house. Besides, it does not appear that the church society was properly organized, or that it had done anything to avail itself of the provisions of the statute, code 1880, § 1071. But by appearing and defending, the trustees became bound by the judgment enforcing the lien. Freeman on Judgments, § 174 *et seq.*

2. The appellees cannot claim to be innocent purchasers. The mechanic's lien proceedings constituted notice of appellant's rights. Code 1880, § 1378. Besides, the sheriff's deed was notice.

3. The chancery court is the proper tribunal to authorize the removal of the house from the land. *Otley* v. *Haviland*, 36 Miss. 19.

*F. B. Pratt*, for appellees.

1. The judgment under which the house was sold was void except as a personal judgment against Covington. He had no interest in the building. All persons in interest should have been made parties. The trustees of the church were the proper and necessary

parties to be made defendants.   Code 1880, § 1385 ; 63 Miss. 98.
The answer admits that Covington bought the lumber for the
church, and that the building was owned by the church society.

2. But, considering that the judgment bound the African church,
it does not affect the complainants, who are purchasers for value
without notice.   They are protected by § 1378 of the code.

It is true that in *Buchanan* v. *Smith*, 43 Miss. 91, it was held
that the lien was enforceable *as to the buildings*, against a purchaser
without notice ; but that case arose under the code of 1857 (p. 329),
the provisions of which are different from those in §§ 1378
and 1379, code 1880.   The present law makes no distinction
between land and buildings, and a *bona fide* purchaser is protected
against the lien on either.

The decree should be affirmed.

CAMPBELL, J., delivered the opinion of the court.

The appellant acquired the title to the house by his purchase
and the right to remove it from the land, *"with reasonable dispatch,"*
but failed to exercise his right of removal for some two years, when
the lot was purchased by the Third Baptist Church and the build-
ing also, and afterwards the appellant was about to remove it in
pursuance of the right acquired as stated.   Although he exhibited
a, cross-bill, he failed to attempt any explanation of this delay,
which, unexplained, is decisive against his right to remove the
building.   The statute, code, § 1391, contemplates a prompt exercise
of the right to remove the building, and failure to exercise it is a
waiver or forfeiture of it.   What is " reasonable dispatch " is
determinable by circumstances, but certainly delay for two years or
more is *prima facie* fatal, and, in the absence of explanation, is con-
clusive against the claim of right to remove.

We do not approve the view which seems to have governed the
disposition of the case in the court below, but as a right result was
reached the decree is

*Affirmed.*