JOHNSON, APPELLANT, v. ERICKSON ET AL., DEFENDANTS; ALLING MER. & LUMBER CO., RESPONDENT.

(No. 4,057.)

(Submitted November 14, 1919. Decided December 8, 1919.)

[185 Pac. 1116.]

*Mechanics' Liens — Description of Property — Insufficiency — Trial Practice — Judgment—Premature Entry—Pleadings— Amendment—Proper Denial.*

Mechanics' Liens—Description of Property.
1. The property which, under section 7290, Revised Codes, must be identified by the description in a mechanic's lien, is the building or other improvement upon which the work or labor has been done or for which the material has been furnished.

Same.
2. The building upon which a mechanic's lien is claimed may be identified by reference to the land upon which it is situated; if urban property, a reference to the lot and block as shown on the official plat is usually sufficient.

Same—Description of Property—Particularity Required.
3. The description in a mechanic's lien must be sufficient to apprise the interested parties, *i. e*, the owner, subsequent purchasers or lienholders, of just what property is sought to be charged.

Same—Ambiguity in Description—Oral Evidence.
4. A mere ambiguity in the description of the property upon which a mechanic's lien is claimed may be explained and the property identified by oral evidence.

Same—Identification of Property.
5. The building upon which a mechanic's lien is filed may, under section 7291, Revised Codes, be sufficiently identified by such a de-

scription of it as will enable a person familiar with the locality to point it out as the only one corresponding with the description contained in the lien.

Same—Description of Property—When Sufficient.
    6. If, after rejecting what is erroneous in the description of property in a mechanic's lien, enough remains to identify the building or other improvement sought to be charged, the lien must be upheld; otherwise it should be held invalid.

Same—Case at Bar—Insufficient Description of Property.
    7. *Held*, under the above rules, that where, after eliminating an erroneous description of the town addition in which the building sought to be charged with a mechanic's lien was alleged to be situated, nothing remained in the lien in the way of description of the building other than "that certain frame store building erected upon lot 23, block 8, in the town site of F.," and the record failed to disclose how many blocks numbered 8, or how many additions other than the one mentioned in the lien there were in the town of F., or that the building upon which a lien was sought to be impressed was the only one answering the description given, the lien was invalid.

Trial Practice—Undetermined Motion—Premature Judgment.
    8. Where, after the trial court had indicated its views in a suit to foreclose a mechanic's lien tried upon an agreed statement, the plaintiff moved for permission to amend his complaint, the court, without passing upon the motion, ordered judgment entered for defendant, its action operated in effect as a denial of the motion, and the judgment was not open to the objection that it was prematurely entered.

Mechanics' Liens—Amendment of Complaint—Proper Denial.
    9. A motion to amend the complaint in a suit to foreclose a mechanic's lien *held* properly denied, where the time for filing the lien had expired and the complaint could not be recast, in the absence of statute authorizing the lien to be amended, so as to remedy the faulty description of the property given in the lien sought to be foreclosed.

*Appeals from District Court of Richland County; C. C. Hurley, Judge.*

ACTION by J. C. Johnson against Henry Erickson and others. From a judgment refusing to decree the foreclosure of a materialman's lien, and from orders overruling plaintiff's motion for leave to amend the complaint and to set aside the judgment on the ground that it had been prematurely entered, plaintiff appeals. Affirmed.

Cause submitted on briefs of counsel.

*Mr. Henri J. Haskell* and *Mr. John A. Bird,* for Appellant.

Appellant's view of the law is that he correctly described the property in question, and that the addition of the word

"second" to "L. E. Newlon Addition" is surplusage and immaterial. It does not by any omission or addition of words or phrases change or alter the description of the lot upon which the "frame store building" is situated, as there is but one block 8 in the town site of Fairview, Montana, and but one lot 23 in said block. (*Hughes* v. *Torgenson,* 96 Ala: 346, 38 Am. St. Rep. 105, 16 L. R. A. 600, 11 South. 209; *Russell* v. *Hayden,* 40 Minn. 88, 41 N. W. 456; *Seaton* v. *Hixon,* 35 Kan. 663, 12 Pac. 22; *McHugh* v. *Slack,* 11 Wash. 370, 39 Pac. 674.)

*Mr. Charles C. Collett,* for Respondent.

In considering the lien, the court must consider the relationship of the parties. The rule is that the holder of a lien will be held to a more strict following of the statute when the rights of other creditors are involved than he will as against the owner of the premises. (*Rall* v. *McCrary,* 45 Mo. App. 365; *De Witt* v. *Smith,* 63 Mo. 263, 265; *Cary Hardware Co.* v. *McCarty,* 10 Colo. App. 200, 50 Pac. 744, 748; *Drexel* v. *Richards,* 50 Neb. 509, 70 N. W. 23.)

The property upon which buildings are erected is not described in the lien, and consequently the lien must fail. Jones on Liens (volume 2, section 1422), lays down the following rule: "The same certainty of description is requisite as in the case of a levy under execution so that the court may be informed what lien to order to be sold and the purchaser may be able to locate it." (*Baker* v. *Bartlett,* 18 Mont. 446, 56 Am. St. Rep. 594, 45 Pac. 1084; *Lindley* v. *Cross,* 31 Ind. 106, 99 Am. Dec. 610; *D. I. Nofziger Lumber Co.* v. *Waters,* 10 Cal. App. 89, 101 Pac. 38.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Plaintiff having furnished materials to Erickson and Simons for the construction of a store building in Fairview, brought this action to foreclose a mechanic's lien. All the defendants, except the Alling Mercantile & Lumber Company, defaulted,

and this company, a judgment creditor of Erickson and Simons, contested the validity of plaintiff's lien. The cause was tried upon an agreed statement of facts, from which the court deduced the conclusion that plaintiff was entitled to a money judgment only, and refused to decree a foreclosure of the lien. From that judgment and from two certain orders made after judgment, plaintiff appealed.

The lien describes the property to be charged, as that certain frame store building erected upon lot 23, block 8, in the L. E. Newlon *Second* Addition to the town of Fairview. The agreed statement discloses that there are four additions to Fairview, *viz.:* (1) L. E. Newlon Addition; (2) Revised L. E. Newlon Addition; (3) L. E. Newlon Second Addition; (4) Revised L. E. Newlon Second Addition, and that the materials furnished by plaintiff were used in the construction of a store building upon lot 23, block 8, *Revised* L. E. Newlon Addition.

1. Does the misdescription of the land, in the lien, vitiate the lien? By section 7290, Revised Codes, the lien is impressed [1, 2] upon the building or other improvement primarily, and therefore the property to be identified by the description in the lien is the building or other improvement, as the case may be. (*Stritzel-Spaberg Lumber Co.* v. *Edwards,* 50 Mont. 49, 52, 144 Pac. 722.) The authorities are agreed that the building, as in this case, may be identified by reference to the land upon which it is situated (18 R. C. L. 936), and, if it is urban property, a reference to the lot and block as shown on the official plat is usually sufficient.

Section 7291, Revised Codes, provides that the lien must contain "a correct description of the property to be charged with such lien * * * , but any error or mistake in the * * * description does not affect the validity of the lien if the property can be identified by the description." The same [3] section requires that the lien must be filed in the office of the county clerk of the county in which the property is situated, and section 7292 requires the clerk to make an abstract of the lien, in a book by him to be kept for that purpose and prop-

erly indexed, containing the date of filing, the name of the lien claimant, the amount of the lien, the name of the person against whose property the lien is filed, and the description of the property.

The purpose of requiring the lien to be filed and an abstract thereof made of record is to impart notice to the owner and to subsequent purchasers or lienholders; and in order that the purpose may be served, it is necessary that the description in the lien be sufficient to apprise interested parties just what property is sought to be charged.

It is apparent at once that in so far as plaintiff relied upon the description of the land to identify the building he failed. Land described as lying in the L. E. Newlon Second Addition could not identify a building situated upon land lying in the Revised L. E. Newlon Addition. A prospective purchaser of the building and of the interest owned by Erickson and Simons in lot 23, block 8, Revised L. E. Newlon Addition, would never be apprised by the lien that there was an encumbrance upon it. An abstract of the title to lot 23, block 8, Revised L. E. Newlon Addition, would not disclose the fact that a lien was claimed upon the property or the improvements. The validity of the lien must be tested by the description contained [4] in it. If there is merely an ambiguity in the description, it may be explained and the property identified by oral evidence; but in this connection the language employed by this court in *Goodrich Lumber Co.* v. *Davie,* 13 Mont. 76, 81, 32 Pac. 282, 283, is peculiarly applicable here. It was there said: "The description of the ground is perfectly definite and certain. The only difficulty is that it was a wholly wrong de- [5] scription." But the description of the ground is not the only means of identifying the building. It may be identified sufficiently by such a description of the building itself as will enable a person familiar with the locality to point it out as the only one corresponding with the description contained in the lien. (*Hughes* v. *Torgerson,* 96 Ala. 346, 38 Am. St. Rep. 105, 16 L. R. A. 600, 11 South. 209.) This is the meaning of

section 7291 above, and numerous instances might be cited to illustrate the principle, but the following cases will suffice: *Western Iron Works* v. *Montana P. & P. Co.*, 30 Mont. 550, 556, 77 Pac. 413; *Scholes* v. *Hughes*, 77 Tex. 482, 14 S. W. 148; *McHugh* v. *Slack*, 11 Wash. 370, 39 Pac. 674; *Seaton* v. *Hixon*, 35 Kan. 663, 12 Pac. 22; Rockel on Mechanics' Liens, sec. 105.

The authorities hold, and our statute (sec. 7291 above) in [6] effect declares, that if by rejecting what is erroneous in the description contained in the lien, enough remains to identify the particular property sought to be charged, the lien will be upheld. (*Dean* v. *Stewart*, 49 Mont. 506, 515, 143 Pac. 966.) If, on the other hand, it is impossible to identify the property by the description contained in the lien, the lien will be held to be invalid. (*Ivanhoff* v. *Teale*, 47 Mont. 115, 118, 130 Pac. 972.)

Eliminating from the description contained in this lien the [7] words, "L. E. Newlon Second Addition," and we have the property described as that certain frame store building erected upon lot 23, block 8, in the town site of Fairview. The record does not disclose how many blocks, each numbered 8, there are in Fairview; how many additions there are other than the Newlon Additions, or whether there was an original plat of the town site. Presumably there was, as each of the Newlon plats is referred to as the plat of an addition. Neither does the record disclose that the building upon which plaintiff would impress a lien is the only building in Fairview which answers to the description "that certain frame store building." If this lien had been ordered foreclosed and the property sold, the officer attempting to execute the process could not have found the property from the description contained in the lien, and for this reason it must be held to be insufficient.

2. After the trial court had indicated its views, plaintiff [8] moved to amend his complaint. Without expressly passing upon the motion, the court ordered judgment entered. Plaintiff then moved to have the judgment set aside upon the ground that it had been entered prematurely—before the mo-

tion to amend was disposed of. This motion was overruled, as was the motion to amend. The order for judgment operated, in effect, to deny the motion to amend, and the judgment was not prematurely entered.

Furthermore, the motion to amend was altogether without [9] merit. As observed heretofore, the lien must stand or fall by the description contained in it. The time for filing a lien had long since expired, and, in the absence of a statute authorizing the lien to be amended, nothing that plaintiff could incorporate in his complaint by way of amendment could change the fact that he had failed to properly describe the property in his lien. (27 Cyc. 206, 207.)

The judgment and orders are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HURLY and COOPER concur.