MIDLAND COAL & LUMBER CO., RESPONDENT, *v.* FERGU-
SON ET AL., APPELLANTS.

(No. 4,534.)

(Submitted October 31, 1921. Decided November 28, 1921.)

[202 Pac. 389.]

*Mechanics' Liens—Notice of Lien—Erroneous Description of
Property—When Nonprejudicial — Foreclosure Sale — Error
in Return of Sheriff—Removal of Building—Waiver of Right
—Pleading.*

Mechanics' Liens—Title to Land not in Lienee—Extent of Lien.
    1.  Where title to the land on which a building was constructed with
material furnished by plaintiff is not in the lienee, the lien extends
to the building only, and in such a case any error or mistake in the
description of the land in the notice of lien does not affect the valid-
ity of the lien if the "property"; *i. e.*, the building, can be identified.
(Rev. Codes, sec. 7291.)

Same—Description of Land—Degree of Correctness Required.
    2.  A mechanic or materialman is not required to employ a sur-
veyor to locate the building sought to be charged with a lien in order
to enable him to obtain a correct description of the land on which it
is situated, the description of the land being resorted to only as a
means for identifying the building.

Same—Erroneous Description of Building—When Nonprejudicial.
    3.  Where the description of the building sought to be charged with
a materialman's lien is sufficient to enable a person familiar with
the locality to point it out as the only one corresponding with the
description in the lien, it is sufficient, and if by rejecting what is
erroneous in the description enough remains to identify the particular
property sought to be charged, the lien will be upheld.

Same—Erroneous Description of Land—When not Fatal to Lien.
    4.  Under the above rules, *held,* that where a lienor in its lien notice
had described the land for a building on which it had furnished
materials situate on the NE. ¼, whereas in fact it was on the
NW. ¼ of a certain section, but so close to the line between the two
forties that it would have required the services of a surveyor to
ascertain its exact location, the error did not vitiate the lien, in view
of the fact that the building was the only one of its kind in the
vicinity and easily identified.

Same—Foreclosure Sale—Error in Sheriff's Return in Designation of Pur-
chaser—Effect.
    5.  An error made by a sheriff in his return of a lien foreclosure
sale in his designation of the purchaser cannot work to the prejudice
of the latter.

---

    1.  Mechanics' liens on buildings or improvements as distinct from
land on which located, see note in 2 Ann. Cas. 689.

    Estates and interests affected by mechanics' liens, see note in 45
Am. Dec. 678.

Same—Purchaser at Foreclosure Sale—Question of Fact.
    6. Where in his return of a lien foreclosure sale the sheriff recited that the property had been sold to one R., "agent for" plaintiff company (lienor), the question whether R. purchased it for himself or the company was one of fact determinable by the court.

Same — Foreclosure Sale — Removal of Building from Land — Waiver of Right—Pleading.
    7. While failure of the purchaser of a building at a lien foreclosure sale to remove it from the land within a reasonable time will operate as a waiver or forfeiture of the right, the question of waiver or forfeiture cannot be considered unless pleaded.

*Appeals from District Court, Carter County; Geo. P. Jones, Judge.*

ACTION by the Midland Coal & Lumber Company against Richard W. Ferguson and another. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

*Mr. Leon L. Wheeler,* for Appellants, submitted a brief; *Mr. Chad. A. Spaulding,* of Counsel, argued the cause orally.

*Messrs. Loud & Leavitt,* for Respondent, submitted a brief; *Mr. Chas. H. Loud* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Between March 14 and May 7, 1914, the Midland Coal & Lumber Company sold and delivered to Emily Fuller lumber and other building materials which were used in the construction of a frame dwelling-house upon lands the title to which was then in the government of the United States. Within the time allowed by law the lumber company filed a notice of lien, and thereafter, in an action to foreclose the lien, such proceedings were had that a judgment of foreclosure was duly given and made, and an order of sale issued, pursuant to which the sheriff sold the building at public auction on December 31, 1915.

In his return, the sheriff recited that he sold the property "to G. E. Raymond, agent for Midland Coal & Lumber Com-

pany." In the notice of lien, the building was described as a one-story frame dwelling-house, twenty-four feet by twenty-six feet in dimension, and situated on the NE. $\frac{1}{4}$ NW. $\frac{1}{4}$, section 29, township 2 north, range 58 east, in Fallon (now Carter) county. Throughout the foreclosure proceedings the building was described in like manner, except that it was located upon the NW. $\frac{1}{4}$ NW. $\frac{1}{4}$ of section 29. After the materials were furnished, but before the lien was filed, patent for the entire NW. $\frac{1}{4}$ of section 29 issued to Richard H. Ferguson, who, in June, 1916, sold the building to Guy W. Stetser, and it was removed to a location some distance away. This action was brought by the lumber company against Ferguson and Stetser to recover possession of the building, or its value in case return could not be had, and for damages. After issues joined, the cause was tried to the court without a jury, resulting in a judgment for plaintiff, from which judgment, and an order denying a new trial, defendants appealed.

The principal contention made is that plaintiff failed to [1–4]   prove that it ever acquired title to the building. That contention has its foundation in these propositions: (1) If the building was situated on the NW. $\frac{1}{4}$ NW. $\frac{1}{4}$ of section 29, the lien was void because of the erroneous description contained in it; or (2) if the building was situated on the NE. $\frac{1}{4}$ NW. $\frac{1}{4}$ of section 29, then the property involved in the foreclosure proceedings was not the same property as that described in the lien, and, in either event, title to the building was not conveyed by the sheriff's sale.

It is conceded that the building was situated upon the NW. $\frac{1}{4}$ of section 29, and upon either the NE. $\frac{1}{4}$ or NW. $\frac{1}{4}$ of that quarter-section. Since the judgment in the foreclosure proceedings recites that it was upon the NW. $\frac{1}{4}$ NW. $\frac{1}{4}$, the presumption will be indulged that ample evidence was received in that proceeding to justify the finding, or, in other words, for every purpose of this case, it must be accepted as established that the building was situated upon the NW. $\frac{1}{4}$ NW. $\frac{1}{4}$, and that the recital in the lien that it was upon the

NE. ¼ NW. ¼ is erroneous. Does that erroneous description vitiate the lien? Since title to the land was not in Emily Fuller, the lien extended to the building only. (Secs. 7293–7295, Rev. Codes; *Stritzel-Spaberg Lumber Co.* v. *Edwards,* 50 Mont. 49, 144 Pac. 772.) Section 7291, Revised Codes, provides: "But any error or mistake in the * * * description does not affect the validity of the lien, if the property can be identified by the description." And the term "property," as therein used, refers to the building, structure, or other improvement, and not to the land. (*Stritzel-Spaberg Lumber Co.* v. *Edwards,* above.)

The reason for the statutory rule is apparent. If the same strictness were required in describing property involved in a mechanic's lien as in a conveyance of real estate, the owner of the property sought to be charged might prevent the lien claimant obtaining a correct description, and thereby defeat the very purpose of the lien law. The lien claimant herein was not required to employ a surveyor to locate the building sought to be charged, and the description of the land is resorted to only as a means of identifying the building. (*Western Iron Works* v. *Montana Pulp & Paper Co.,* 30 Mont. 550, 77 Pac. 413.) But the description of the land is not the only means of identification. If the description of the building itself is sufficient to enable a person familiar with the locality to point it out as the only one corresponding with the description contained in the lien, it meets all the requirements of the statute, and if, by rejecting what is erroneous in the description contained in the lien, enough remains to identify the particular property sought to be charged, the lien will be upheld. (*Johnson* v. *Erickson,* 56 Mont. 550, 185 Pac. 1116.) In the lien the building is described as situated upon "the northeast quarter of the northwest quarter of section twenty-nine (29), township two (2) north, range fifty-eight (58) east," *etc.* If we reject the words "the northeast quarter of," that which remains will be technically accurate so far as it goes, and will be sufficient, if, with the description

of the building itself, there is such identification of the property to be charged as will enable one familiar with the locality to locate it. And whether a given description is sufficient or not depends upon the surrounding circumstances, the character of the particular building, its situation with reference to others, *etc.*

The record discloses that the Fuller residence was known generally in the neighborhood by that name, was situated upon rural lands, that it was about a mile north of the town of Ekalaka, and that there was not another residence in the same vicinity. It is left somewhat in doubt whether there was another residence upon the northwest quarter of section 29; but, if there was, the other one was in the town of Ekalaka, so that the sheriff could not have any difficulty, and did not have any, in locating the particular property which he was called upon to sell. The error in the description of the land as contained in the lien is accounted for by the fact, as disclosed by the evidence in this case, that the building was situated so near the line dividing the northeast 40 from the northwest 40 that it might well be said that a survey would be necessary to determine its exact location.

In *Goodrich Lumber Co.* v. *Davie,* 13 Mont. 76, 32 Pac. 282, and in *Johnson* v. *Erickson,* above, the lien was sought to be impressed upon the land as well as upon the improvements, and in each instance, if the erroneous description of the land contained in the lien had been eliminated, there would not have remained any description from which the building could have been identified, and for that reason the lien in each instance was held to be invalid. In *Western Iron Works* v. *Montana Pulp & Paper Co.,* above, the lien was upheld, although there was an erroneous description of the land contained in the lien, for the building sought to be charged was otherwise sufficiently described to identify it. In Bender-Moss on Mechanics' Liens, section 402, it is said: "There is great reluctance to set aside a mechanic's claim merely for loose description, as the Acts generally contemplate that the claim-

ants should prepare their own papers, and it is not necessary that the description should be either full or precise.''

Our conclusion is that the erroneous description of the land does not vitiate the lien.

As observed heretofore, the sheriff in his return of sale [5-6] recited that he sold this building, ''to G. E. Raymond, agent for Midland Coal & Lumber Company,'' and it is the contention of defendants that the words ''agent for Midland Coal & Lumber Company'' are *descriptio personae,* and that title passed to Raymond, and not to the lumber company; but Raymond testified that he purchased the property for the lumber company, and this is not disputed. We are of the opinion that the real purchaser cannot be prejudiced by the mere erroneous recital of a ministerial officer, over whose return he had no control. Whether the sale was made to Raymond or to the lumber company was a question of fact, which the trial court resolved in favor of the plaintiff. There is not any claim advanced that these defendants were, or that either of them was, prejudiced by the erroneous recital in the sheriff's return.

After the plaintiff purchased the building at sheriff's sale, [7] it was entitled to a reasonable time within which to remove the building from Ferguson's land. (Section 7295, Rev. Codes.) Its failure to exercise the right given, within a reasonable time, would operate as a waiver or forfeiture of the right. (*Priebatsch* v. *Third Baptist Church,* 66 Miss. 345, 6 South. 237.) The pleadings do not raise the question of waiver of forfeiture, and that question was not, and could not be, considered by the trial court.·

The other specifications of error do not require particular consideration. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS, COOPER and GALEN concur.