No. 14468

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

VARCO-PRUDEN, a division of AMCA
International Corporation,

Plaintiff and Appellant,

-vs-

R. R. NELSON, Owner; and T & H CONTRACTORS,
a Montana Corporation, Contractor,

Defendants and Respondents.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W.Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Landoe, Gary and Planalp, Bozeman, Montana
Peter Lineberger argued, Bozeman, Montana

For Respondents:

Joseph W. Sabol argued, Bozeman, Montana

---

Submitted: February 13, 1979

Decided: APR 1 3 1979

Filed: APR 1 1979

erk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Varco-Pruden, a California corporation, plaintiff and appellant herein, appeals from an order of the Gallatin County District Court dismissing its complaint for failure to state a cause of action upon which to base foreclosure of a materialman's lien.

The facts in this case are as follows. Varco-Pruden is a California corporation with its principle place of business in Turlock, California. R. R. Nelson is a Montana resident and the owner of approximately 76 acres of land in the Gallatin Valley, near Bozeman, Montana.

On or about January 28, 1976, R. R. Nelson contracted with T and H Contractors, a Montana Corporation, for the erection of a metal building to be constructed upon R. R. Nelson's 76 acre tract. The contractors, in turn, made arrangements for Varco-Pruden to supply them with the building materials necessary for the construction of the Nelson building. It is undisputed, at least for our purposes, that materials and labor valued at $17,588 were furnished by Varco-Pruden and incorporated into the building being constructed for R. R. Nelson. It is also undisputed that Varco-Pruden was never paid for the material they furnished. Apparently, R. R. Nelson paid T and H Contractors in full, but, T and H neglected to pay Varco-Pruden. The contractor is now insolvent.

On March 14, 1977, Varco-Pruden filed a materialman's lien against the real property owned by R. R. Nelson. The lien was timely filed with the Gallatin County Clerk and Recorder.

On May 4, 1978, Varco-Pruden filed a complaint in the District Court, Gallatin County, seeking to foreclose their materialman's lien. A copy of the materialman's lien, containing

-2-

the property description, was attached to the complaint as Exhibit "A" and must, of course, be considered a part of the complaint. Varco-Pruden's complaint named T and H Contractors and R. R. Nelson as codefendants. T and H Contractors did not appear, and Varco-Pruden was granted a $17,588 default judgment against them. R. R. Nelson appeared by filing a motion to dismiss for failure to state a claim upon which relief could be granted under Rule 12(b)(6), Mont.R.Civ.P. The District Court heard Nelson's motion on June 12, 1978.

On June 20, 1978, the District Court entered an order granting defendant's motion to dismiss. A memorandum included with the court order indicates that the judge determined that Varco-Prudens mechanics lien was legally defective because it did not adequately describe the building or structure upon which the lien was to attach. This appeal followed.

Two issues are presented for our review:

(1)  When is it proper to dismiss a complaint under Rule 12(b)(6), Mont.R.Civ.P.?

(2)  Did plaintiff's complaint state a claim upon which relief could be granted?

This Court has held that a complaint should not be dismissed for insufficiency unless it appears for certain that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Kielmann v. Mogan (1970), 156 Mont. 230, 233, 478 P.2d 275; See also: Hamman v. United States (Mont. 1967), 267 F.Supp. 411. An even stricter test is found in Wheeler v. Moe (1973), 163 Mont. 154, 160, 515 P.2d 679, 683, where this Court, quoting from Wright and Miller's Federal Practice and Procedure, stated:

> "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted . . .

"As a practical matter, a dismissal under
Rule 12(b)(6) is likely to be granted only
in the unusual case in which plaintiff includes
allegations that show on the face of the com-
plaint that there is some insuperable bar to
relief. In other words, dismissal is justified
only when the allegations of the complaint itself
clearly demonstrate that plaintiff does not have
a claim . . ."

It is clear from the Wheeler decision that dismissal
under Rule 12(b)(6) is proper when the complaint brings to
light some insuperable bar to relief. The District Court held
that the lien document filed by Varco-Pruden (Exhibit "A") was
defective and constituted an insuperable bar to recovery from
defendant R. R. Nelson. We agree.

It is fundamental that a materialman's lien becomes per-
fected only after full compliance with the lien statutes.
Stritzel-Spaberg Lumber Co. v. Edwards et al. (1914), 50
Mont. 49, 54, 144 P. 772. The requirements of section 45-
502, R.C.M. 1947, now section 71-3-511(1) MCA are clear: a
person wishing to avail himself of the benefits of a materialman's
lien must file a verified document "containing a correct
description of the property to be charged with such lien."
This Court has consistently held that the property to be
described in a materialman's lien is the building, structure,
or other improvement upon which the lien is to attach, and
not the land upon which the property is located. Midland v.
Ferguson (1921), 61 Mont. 402, 405, 202 P. 389; Stritzel-Spaberg,
supra. We have also held that a property description in a
lien is adequate "if the description of the building itself
is sufficient to enable a person familiar with the locality
to point it out as the only one corresponding with the
description contained in the lien." Caird Eng. Wks. v.
Seven-Up Min. Co. (1940), 111 Mont. 471, 479, 111 P.2d 267;
Midland, supra at p. 405.

Under the Caird and Midland decisions, this Court is
required to review plaintiff's Exhibit "A" to determine

-4-

whether the description of the building "is sufficient to enable a person . . . to point it out as the only one corresponding with the description contained in the lien." Our review convinces us that the description in Exhibit "A" is wholly defective.

Exhibit "A" contains a bare legal description of R. R. Nelson's 76 acre tract. The exhibit does not even attempt to describe the building, structure or improvement upon which Varco-Pruden claimed a lien. Accordingly, the District Court was correct in ruling that Varco-Pruden's purported lien was invalid.

Absent a valid lien, plaintiff cannot prove a cause of action against R. R. Nelson. Therefore, the District Court correctly dismissed the complaint for failure to state a claim upon which relief could be granted.

The District Court is affirmed.

_____
                    Justice

We Concur:

_____
        Chief Justice


_____


_____
              Justices