No. 02-209

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 272N

EARTHWORKS WEST, INC., and JAY C. SANDELIN,

        Plaintiffs and Respondents,

   v.

ELAINE COMFORT WALDHER, KEVIN WALDHER,
GREENPOINT CREDIT CORP., FLATHEAD COUNTY
TITLE COMPANY, and WASHINGTON INTERNATIONAL
INSURANCE COMPANY,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and for the County of Flathead,
                    The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

        James C. Bartlett, Attorney at Law, Kalispell, Montana

        For Respondents:

        Michael A. Ferrington, Attorney at Law, Whitefish, Montana

               Submitted on Briefs:  August 8, 2002

                      Decided:  December 3, 2002

Filed:

_____
                    Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Respondents, Earthworks West, Inc., and Jay Sandelin, entered into a verbal agreement with Appellants Elaine and Kevin Waldher to perform certain work on the Waldhers' real property. A dispute subsequently ensued regarding the cost of Respondents' services and Respondents filed a construction lien against the Waldhers for the purported value of the work performed. Thereafter, Respondents filed a complaint in the Eleventh Judicial District Court, Flathead County, to foreclose their construction lien. The District Court entered judgment in favor of Respondents and the Waldhers appeal. We affirm.

¶3 The Waldhers present three issues on appeal:

¶4 1. Did the District Court err when it entered judgment in favor of Jay Sandelin?

¶5 2. Did the District Court err when it declared the construction lien valid and enforceable?

¶6 3. Did the District Court err in awarding a money judgment in favor of Earthworks West, Inc.?

BACKGROUND

¶7 Earthworks West, Inc., a corporation located in Flathead County, Montana, is "engaged in the business of performing and supplying to the general public excavation, hauling, heavy

2

equipment and other work, labor, equipment, and materials." At all times relevant to this action, Jay Sandelin served as the president of Earthworks. Appellants Elaine and Kevin Waldher, husband and wife, own real property in Flathead County.

¶8 In April of 1999, the parties entered into an agreement for the Respondents to perform certain work on the Waldhers' property. The parties did not execute a written agreement so the details of the arrangement are somewhat unclear. Purportedly, the agreement contemplated the construction of a road and building pad on the Waldhers' property, as well as the installation of utilities.

¶9 This home improvement project was not the first time the parties collaborated on a construction project. In the late 1990s, Earthworks and Sandelin performed some work for Kevin Waldher on what they refer to as the River Terraces project. Kevin did not have enough money to finance the project so he executed an assignment of a loader to "Jay Sandelin of Earthworks West, Inc." This assignment purportedly relieved Kevin of the remaining $50,000 due and owing on the River Terraces project. This assignment ultimately became an issue in the present case as discussed in greater detail below.

¶10 As for the home improvement project, Respondents performed the arranged services from approximately the end of April 1999 through June 7, 1999. A dispute subsequently ensued regarding the cost of the services rendered. Respondents claimed they were entitled to $13,230.79 for the work performed. The Waldhers tendered $2,000 to Respondents but disputed the remaining charges. Therefore, on June 18, 1999, Kylanne Sandelin, Earthworks' secretary and office manager, filed a construction lien against the Waldhers for

3

$11,235.79, representing the allegedly unpaid debt of $11,230.79 plus a $5.00 filing fee.

¶11 On August 27, 1999, Respondents filed a complaint in the District Court to foreclose their lien. On October 1, 1999, the Waldhers filed an answer which asserted: (1) that the alleged fees exceeded the parties' oral arrangement; (2) that the purported lien was not filed in conformance with Montana law and, thus, void; and (3) a counterclaim against Respondents for attorney fees incurred in the action. On July 25, 2000, the Waldhers filed a motion for summary judgment on the grounds that "the Construction Lien filed by the plaintiffs is void as a matter of law and Jay Sandelin has no cause of action against the defendants."

¶12 Following a hearing, the District Court denied the Waldhers' motion for summary judgment. The case proceeded to a non-jury trial on February 12, 2001. On December 20, 2001, the District Court issued its Findings of Fact, Conclusions of Law, and Judgment. The District Court determined that the construction lien was valid and enforceable, the arrangement constituted a verbal, implied-in-fact agreement based upon time and cost, and that the amount of the lien reflected "the reasonable value of the labor, services, material, and equipment provided by Plaintiffs to Defendants." Accordingly, the District Court awarded Respondents $11,235.79, plus interest, as well as attorney fees and costs. On January 16, 2002, the Waldhers filed a notice of appeal from the District Court's judgment.

STANDARD OF REVIEW

¶13 We review a district court's findings of fact to determine whether they are clearly erroneous. *Daines v. Knight* (1995), 269 Mont. 320, 324, 888 P.2d 904, 906. A finding is

4

clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if this Court is left with a definite and firm conviction that the district court made a mistake. *Daines*, 269 Mont. at 325, 888 P.2d at 906. We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

## DISCUSSION

## ISSUE ONE

¶14 Did the District Court err when it entered judgment in favor of Jay Sandelin?

¶15 The Waldhers contend that the contracting parties for the improvement project were themselves and Earthworks. They insist that no such contract existed between themselves and Sandelin. As Sandelin was not a party to the contract, the Waldhers assert that he had no cause of action against them and, therefore, "[t]he lawsuit brought by Jay Sandelin . . . was without merit and . . . frivolous, warranting an award of attorney's fees against him."

¶16 The District Court implied that in performing the work on the Waldhers' property, the Respondents utilized various pieces of machinery, including the loader mentioned above. The District Court noted the assignment drafted by Kevin Waldher stating that he "hereby unconditionally and irrevocably assigns and transfers [the loader to] Jay Sandelin of Earthworks West, Inc." Further, the court found that "the testimony confirms that the loader was used to improve the real property." Therefore, since Kevin Waldher transferred the loader to Sandelin, and since the parties used the loader on the home improvement project, the District Court

5

concluded that the expense incurred in using the loader was properly included within the construction lien and Sandelin was rightfully a party to the action.

¶17 Rule 23(a)(4), M.R.App.P., requires that an appellant present a concise, cohesive argument which "contain[s] the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." This Court has repeatedly held that we will not consider unsupported issues or arguments. *In re Custody of Krause*, 2001 MT 37, ¶ 32, 304 Mont. 202, ¶ 32, 19 P.3d 811, ¶ 32. Likewise, this Court is under no obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal. *In re B.P.*, 2001 MT 219, ¶ 41, 306 Mont. 430, ¶ 41, 35 P.3d 291, ¶ 41.

¶18 The Waldhers' argument on this issue in their opening brief consists of four sentences which contain no citations to the record or any authorities. Their reply brief expands somewhat on the issue (two additional paragraphs) but again merely utilizes conclusory language with no citations to authority in support of their position. A district court's decision is presumed correct and it is the appellant who bears the burden of establishing error by that court. *Matter of M.J.W.*, 1998 MT 142, ¶ 18, 289 Mont. 232, ¶ 18, 961 P.2d 105, ¶ 18. In short, the Waldhers simply have not met their burden. Therefore, we hold that the District Court did not err when it entered judgment in favor of Jay Sandelin.

## ISSUE TWO

¶19 Did the District Court err when it declared the construction lien valid and enforceable?

6

¶20 The Waldhers refer us to several aspects of the construction lien which they insist renders the lien void. They indicate that the Respondents utilized an individual acknowledgment form as opposed to a corporate acknowledgment form. They insist that this form resulted in the signor, Kylanne Sandelin, identifying herself as the sole lien claimant, barring Earthworks or Jay Sandelin from foreclosing on the lien. Further, the Waldhers appear to challenge the address provided for "the party with whom person claiming the lien contracted to furnish services or materials."

¶21 As indicated above, the Waldhers filed a motion for summary judgment based, in part, on the validity of the construction lien. The District Court denied this motion. In so doing, the District Court concluded:

> Plaintiffs' lien notice indisputably identifies the correct legal owner with a full legal description of the property and provides all other information as required by Section 71-3-535, MCA. There is also no issue of fact that the lien was both served upon and received at the address where both Defendants Elaine and Kevin Waldher, husband and wife, received their mail. Plaintiffs have also identified a green certified mailing receipt card without dispute by Defendants that the card was in fact signed by Defendant Kevin Waldher after being addressed and mailed to both Kevin and Elaine Waldher. . . .
>
> Defendants also argue that the form of lien used and the manner of filing [sic] in the acknowledgment, renders the lien invalid. Specifically, Defendants contend that the second page of the lien, which contains the name and address of Kylanne Sandelin within the certification of mailing as opposed to the name and address of the owner, is incorrect. However, there is nothing within our lien statutes that requires the use of a specific form of lien, nor is there any requirement that the certification identify to whom and where the lien was sent. The only requirement is that "[t]he person claiming the lien shall certify to the county clerk and recorder that a copy of the lien has been served on the owner of record as provided in 71-3-534(2)." Section 71-3-535(2)(b), MCA. Such clearly appears on page 2 of the lien.

The District Court echoed this sentiment in its ultimate Findings of Fact, Conclusions of Law, and Judgment. Therein, the District Court further concluded:

> [The] testimony [from the Clerk and Recorder's Office] did not establish that the failure to so identify the representative capacity of the party signing the document within the body of the acknowledgment affected the validity of the document . . . .
>
> . . . [T]he language of the lien form used by Plaintiffs . . . is . . . sufficient under Sections 1-5-609 and -610, MCA, notwithstanding Defendants' contention that a different form of acknowledgment should have been used.
>
> The only other issue presented pertaining to the validity of the lien was in connection with the address used by Plaintiffs for the contracting parties . . . . However, Plaintiffs testified that they had mailed some 38 prior billings and correspondence to such address as shown on the face of the lien and none had been returned, hence the address used by Plaintiffs would be deemed the "last known address" of the Defendants; various invoices offered as exhibits were mailed to "Kevin Waldher . . ." and Defendant Kevin Waldher confirmed the receipt of same; and, finally, it is undisputed that the lien was so mailed and was received by Defendant Kevin Waldher, as evidenced by Plaintiff's Exhibit C-2, consisting of the return receipt "green card" and postal mailing receipt, each with matching identification numbers.
>
> . . . .
>
> Plaintiffs have met the requirements for their lien pursuant to Sections 71-3-534, -535 and -536, MCA, and their lien is thus valid and enforceable.

¶22 Pursuant to Montana's construction lien statutes, a person who furnishes services or materials pursuant to a real estate improvement contract may claim a construction lien to secure the payment of the contract price. Section 71-3-523, MCA. This Court will strictly construe the procedural requirements of the construction lien statutes, but once the procedure has been fulfilled, we will liberally construe the statutes so as to give effect to their remedial purpose. *Swain v. Battershell*, 1999 MT

8

101, ¶ 26, 294 Mont. 282, ¶ 26, 983 P.2d 873, ¶ 26.  The procedural requirements exist to notify the owner of real property that a lien has been filed against his or her property, and to protect all parties dealing with the property, including subsequent purchasers. *Swain*, ¶ 26.

¶23    Section 71-3-535(3), MCA, articulates what information a construction lien statement must include:

The lien statement must contain:

(a)  the name and address of the person claiming the lien;

(b)  a description of the real property against which the lien is claimed sufficient to identify it;

(c)  the name of the contracting owner;

(d)  the name and address of the party with whom the person claiming the lien contracted to furnish services or materials;

(e)  a description of the services or materials provided;

(f)  the amount unpaid for services or materials or, if no amount is fixed by the contract, a good faith estimate of the amount unpaid, designated as an estimate;

(g)  (i) the date on which the services or materials were first furnished; and

(ii)  the date on which the services or materials were last furnished; and

(h)  a declaration that a notice of a right to claim a lien was given to the contracting owner or an explanation of why the notice was not required.

Further, §§ 71-3-534 and -535(2), MCA, provide that a lien claimant shall certify to the county clerk and recorder that he or she has served the property owner of record with a copy of the lien.

9

¶24   In the present case, Kylanne Sandelin, Earthworks' secretary and office manager, filled out, executed, and filed the construction lien in dispute.  Kylanne included the following information in the construction lien: the name and address of the claimants, Jay Sandelin and Earthworks West, Inc.; a legal description of the real property subject to the lien; the name of the real property owners, Elaine Comfort Waldher and Kevin Waldher; the name and address of the persons the claimants contracted with, Elaine and Kevin; the dollar amount in dispute, $11,235.79; the commencement and final date of services rendered; and the reason why notice of the right to claim a lien was not given.  Further, Kylanne certified that "on [June 18, 1999], as an agent of and on behalf of Earthworks West, I served a copy of the foregoing mechanic's lien dated June 18, 1999, upon each owner of record named in the lien, by mailing a copy of the lien to the owner's last known addresses by certified mail, return receipt requested . . . ."

¶25   Based on the foregoing, we conclude that the construction lien in question contained all of the information required by the relevant construction lien provisions.  Further, the procedure to which Kylanne and the Respondents were subjected served the notification purpose referenced above.  The Waldhers have not met their burden of establishing that the District Court entered clearly erroneous findings or misinterpreted the law.  As such, we conclude that the District Court did not err when it declared the construction lien valid and enforceable.

ISSUE THREE

¶26   Did the District Court err in awarding a money judgment in favor of Earthworks West, Inc.?

10

¶27 The Waldhers contend that they agreed to pay approximately $2500 for the installation of utilities. As for the remaining work, building the road and pad, the Waldhers insist that the parties contemplated a fixed rate of $2000. The Respondents agree with the Waldhers regarding the charge for the utilities. However, the Respondents maintain that the remainder of the work was to be charged on an hourly basis. The District Court found that the "labor, services, materials, and equipment were provided by way of a verbal and implied-in-fact agreement based upon time and cost of same . . . ." The Waldhers argue that the District Court's "findings are clearly erroneous, and this Court must conclude that they are not supported by substantial evidence."

¶28 As indicated above, § 71-3-523, MCA, provides that "[a] person who furnishes services or materials pursuant to a real estate improvement contract may claim a construction lien . . . to secure the payment of his contract price." Clearly, the parties' dispute in this case revolves around the purported "contract price." At trial, the Waldhers presented evidence in support of their $2000 contention. Conversely, the Respondents presented evidence in support of their hourly basis fee arrangement.

¶29 It is within the province of the finder of fact to weigh the evidence presented and determine the credibility of the witnesses; in the event of conflicting evidence on factual issues, the trier of fact determines which will prevail. *State v. Weitzel*, 2000 MT 86, ¶ 20, 299 Mont. 192, ¶ 20, 998 P.2d 1154, ¶ 20. Although the parties presented conflicting evidence regarding the contract price, there is certainly sufficient evidence in the record to support the District Court's "hourly basis" determination.

11

However, once the District Court determined that the agreement contemplated an hourly basis fee arrangement, the court still had to determine whether the alleged costs of the services rendered were reasonable given the verbal agreement's silence on the issue.

¶30  Section 71-3-522(3)(b), MCA, provides that "[i]f no price is agreed upon by the contracting parties, the contract price means the reasonable value of all services or materials covered by the contract."  Further, § 71-3-524, MCA, provides in pertinent part:

> (1)  A lien for furnishing materials arises only if:
>
> . . . .
>
> (b)  the materials are:
>
> . . . .
>
> (iv) tools, appliances, or machinery used on the particular improvement.  However, a lien for supplying tools, appliances, or machinery used on the improvement is limited as provided by subsection (3).
>
> . . . .
>
> (3)  A lien arising for the supplying of tools, appliances, or machinery under subsection (1)(b)(iv) is limited as follows:
>
> (a)  if they are rented, the lien is for the reasonable rental value for the period of actual use, including any reasonable periods of nonuse provided for in the rental contract . . . .

¶31  In an apparent effort to reduce costs on the improvement project, Kevin Waldher used Sandelin's loader, with his permission, to perform some of the necessary work.  Therefore, the construction lien not only included the hourly fee for the work performed by the Respondents, but also included a rental value for Kevin's use of the loader.  Upon consideration of all of the evidence submitted at trial, the District Court found that the construction lien

12

contemplated "the reasonable value of the labor, services, materials, and equipment provided by Plaintiffs to Defendants . . . ." We conclude that there is sufficient evidence in the record to support this finding. Therefore, we hold that the District Court did not err when it entered judgment for the Respondents in the amount of $11,235.79.

¶32 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

Justice James C. Nelson concurs and dissents.

¶33       I concur in the Court's resolution of Issue 1.  I dissent with respect to the Court's resolution of Issue 2.  I concur in the result of Issue 3, but not in the analysis.  Since this opinion will not be published and may not serve as precedent, my dissenting opinion will be brief.

¶34       As observed by the majority, our decision in *Swain v. Battershell*, 1999 MT 101, 294 Mont. 282, 983 P.2d 873, requires that we strictly construe the procedural requirements of the construction lien statutes.  That obligation, in my view, should dispose of Issue 2 in favor of the Waldhers.  The construction lien at issue here--a "fill in the blanks" form--was void on its face as a matter of law.

¶35       It is undisputed that the lien claimant, Kylanne Sandelin, furnished no services or materials to nor did she have any claim against the Waldhers.  Thus, she could not be the lien claimant under and as required by §§ 71-3-523, MCA, and 71-3-535(3)(a), MCA.  Yet, it was Kylanne Sandelin individually who signed the lien.  She did not sign the lien in any sort of a representative capacity on behalf of Earthworks West, Inc., or for Jay Sandelin as required by §§ 70-21-203, 1-5-602(2), and 1-5-610(2), MCA.  Indeed, she is not even named as a plaintiff in the suit brought to foreclose the lien.  In short, no construction lien was filed of record by or on behalf of Earthworks West Inc., or Jay Sandelin, the plaintiffs in the foreclosure suit.

14

¶36 Moreover, § 71-3-535(2)(b), MCA, requires that the lien claimant certify to the county clerk and recorder that a copy of the lien has been served on the owner of record of the property named in the lien. Section 71-3-534(2), MCA, requires that the county clerk not file the lien unless this certification by the lien claimant is attached. The construction lien at issue here contains no such certification. Kylanne Sandelin certifies that she served herself; but the lien completely fails to contain the statutorily required certification that she served the owner of record. The county clerk erred in even filing the purported lien.

¶37 These are just two of the procedural flaws in the construction lien. The Waldhers detail more in their briefs on appeal. It has long been a fundamental principle of the law of Montana that a construction lien is perfected only after full compliance with the lien statutes. *Varco-Pruden v. Nelson* (1979), 181 Mont. 252, 255, 593 P.2d 48, 49-50 (citation omitted). Suffice it to say that, here, there was not even minimal, much less full compliance with the lien statutes. The two failures mentioned above are enough to defeat the claim that a construction lien was perfected by Earthworks West, Inc., and by Jay C. Sandelin.

¶38 As to Issue 3, I concur in the result. I do not agree with the majority grounding its decision in the construction lien statutes, as there was, in my view, no construction lien. While Earthworks West, Inc., and Jay C. Sandelin may well have been entitled to damages on a contract or *quantum meruit* theory, they certainly were not on the basis of a construction lien.

15

¶39  I would reverse on Issue 2 and award the Waldhers their costs and attorney fees under § 71-3-124(1), MCA, for defeating the construction lien.  I dissent from our failure to do so.

/S/ JAMES C. NELSON