FILED

01/10/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0141

DA 16-0141

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 3

JOSEPH S. MULROY,

   Petitioner and Appellee,

 v.

MORGAN PIERCE, PLLP,

   Respondent and Appellant.

APPEAL FROM: District Court of the Nineteenth Judicial District,
      In and For the County of Lincoln, Cause No. DV 15-149
      Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Elizabeth A. Brennan, Brennan Law & Mediation, PLLC,
     Missoula, Montana

   For Appellee:

     Amy N. Guth, Attorney at Law, Libby, Montana

        Submitted on Briefs: November 30, 2016

            Decided: January 10, 2017

Filed:

            Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Morgan Pierce, PLLP, appeals a Nineteenth Judicial District Court, Lincoln County, order granting Joseph S. Mulroy's motion for summary judgment that an attorney's lien recorded by Morgan Pierce against real property Mulroy purchased from Morgan Pierce's client, Sheri Lee, is invalid.  We address the following dispositive issue:

> *Whether the District Court erred in holding that the signed fee agreement between Morgan Pierce and Lee did not create a lien by consent.*

¶2      We reverse.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3      In December 2014, Lee hired Morgan Pierce, a Missoula-based law firm, to represent her in a bankruptcy proceeding.  Lee and Morgan Pierce entered into a fee agreement, which provided, in relevant part:

> If Client has any legal interest in any real estate when the bankruptcy petition is filed, Client agrees and understands that Attorney's post-petition services will benefit that real estate.  Therefore, Client acknowledges and consents to Attorney's Lien on such property, and consents to the post-petition filing of a Notice of Attorney's Lien against any and all real property owned at the time the case is filed.

On May 26, 2015, Morgan Pierce filed a notice of an attorney's lien against five pieces of Lee's real property.  The lien notice provided, in relevant part:

> This lien is claimed for legal services rendered by Morgan Pierce, PLLP in 2014-15 pursuant to a Representation and Legal Services Agreement dated December 6, 2014 for legal services and costs advanced in Ms. Lee's Chapter 13 bankruptcy proceedings and related matters . . . .  The reasonable value of the services is up to $25,000.

¶4      On May 28, 2015, Mulroy and Lee entered into an amended buy-sell agreement for two of the pieces of property against which Morgan Pierce's lien was recorded.  As

2

part of the buy-sell agreement, Mulroy agreed to pay debts owed by Lee to the Whitefish Credit Union and to Attorney William Hileman, Jr. The buy-sell agreement is silent regarding Lee's obligations to Morgan Pierce. On May 29, 2015, Mulroy and Lee closed their transaction.

¶5 On July 8, 2015, Mulroy filed a petition for interpleader and declaratory relief, asking the District Court to determine, among other issues, the validity of Morgan Pierce's attorney's lien. The parties filed cross-motions for summary judgment. The District Court granted Mulroy's motion for summary judgment and awarded his costs and fees. Morgan Pierce appeals the District Court's order.

## STANDARDS OF REVIEW

¶6 We review de novo a district court's grant or denial of a motion for summary judgment. *Mont. Dep't of Revenue v. Priceline.com, Inc.*, 2015 MT 241, ¶ 6, 380 Mont. 352, 354 P.3d 631. "Summary judgment is appropriate when the moving party demonstrates an absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Priceline.com, Inc.*, ¶ 6 (citing M. R. Civ. P. 56(c)(3)). A district court's interpretation of a contract is a question of law, which we review for correctness. *Kluver v. PPL Mont., LLC*, 2012 MT 321, ¶ 19, 368 Mont. 101, 293 P.3d 817.

## DISCUSSION

¶7 *Whether the District Court erred in holding that the signed fee agreement between Morgan Pierce and Lee did not create a lien by consent.*

¶8 The statute governing attorney's liens, § 37-61-420(1), MCA, provides: "The compensation of an attorney and counselor for services is governed by agreement,

3

express or implied, which is not restrained by law." Thus, an attorney's lien is a contract for services. *See Sisters of Charity of Providence of Mont. v. Nichols*, 157 Mont. 106, 111, 483 P.2d 279, 282 (1971). Section 28-2-102, MCA, sets forth the essential elements of a contract: "(1) identifiable parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration."

¶9 The District Court held that Lee did not consent to Morgan Pierce's attorney's lien because the lien did not sufficiently describe the subject property. In reaching this decision, the District Court indicated that it could find no cases directly on point and thus looked to other lien contexts for guidance, citing *Johnston v. Palmer*, 2007 MT 99, 337 Mont. 101, 158 P.3d 998 (applying § 71-3-523, MCA, which governs construction liens and requires specific property descriptions); *Price Bldg. Serv., Inc. v. Holmes*, 214 Mont. 456, 693 P.2d 553 (1985) (applying a statutory requirement that a contractor's lien must contain a description of the subject building); and *Johnson v. Erickson*, 56 Mont. 550, 185 P. 1116 (1919) (applying a statute requiring a description of property subject to a mechanic's lien). As Morgan Pierce points out, all of the cases upon which the District Court relied are distinguishable from this case because they all involved the application of statutes that specifically required a property description. By contrast, the attorney's lien statute, § 37-61-420, MCA, contains no such requirement. "In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. By holding that Lee did not consent to the attorney's lien because the lien did not include legal descriptions of her real property, the District

4

Court inserted a requirement that does not exist in the statute, or in case law, governing attorney's liens. *See* § 37-61-420, MCA.

**CONCLUSION**

¶10    We reverse the District Court's decision and order granting summary judgment to Mulroy. Because we reverse the District Court's grant of summary judgment to Mulroy, we also reverse its order granting costs and fees to Mulroy. We remand for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT